<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                 United States Court of Appeals
                     For the First Circuit
                      ____________________

No. 99-1226

                         AGNELO MENDES,

                          Petitioner,

                               v.

            IMMIGRATION AND NATURALIZATION SERVICE,

                          Respondent.

                      ____________________

              PETITION FOR REVIEW OF THE DECISION

              BY THE BOARD OF IMMIGRATION APPEALS

                      ____________________

                             Before

                    Torruella, Chief Judge,

                 Bownes, Senior Circuit Judge,

                   and Lynch, Circuit Judge.

                     _____________________

   Jeremiah Friedman, with whom Maureen O'Sullivan, Harvey
Kaplan, Ilana Greenstein and Kaplan, O'Sullivan & Friedman, LLP
were on brief, for petitioner.
   William E. Michaels, Attorney, Office of Immigration
Litigation, Civil Division, U.S. Department of Justice, with whom
David W. Ogden, Acting Assistant Attorney General and H. Bradford
Glassman, Attorney, Office of Immigration Litigation, Civil
Division, U.S. Department of Justice, were on brief, for
respondent.

                      ____________________

                      November 24, 1999
                      ____________________

        TORRUELLA, Chief Judge.  This case involves three
marriages, four separate visa petitions, and immigration
proceedings spanning more than fifteen years.  Petitioner Agnelo
Mendes appeals from the decision of the Board of Immigration
Appeals ("BIA") (1)  to deny his Motion to Remand for adjustment of
status to permanent resident under the Immigration and Nationality
Act, 8 U.S.C.  245 (1996) ("INA"); (2) to affirm Immigration and
Naturalization Service's ("INS") denial of the joint petition to
remove conditional residence under section 216 of the INA; and (3)
to affirm the INS's denial of suspension of deportation under INA
244(a), 8 U.S.C.  1254 (repealed by IIRIRA  308(b)(7), 110
Stat. 3009-615 (1996)).
        Pursuant to our recent opinion in Bernal-Vallejo v. INS,
No. 99-1211, slip op. at 2 (1st Cir. Nov. 2, 1999), we hold that  
309(c)(4)(E) of the Illegal Immigration Reform and Immigrant
Responsibility Act of 1996, Pub. L. No. 10-208, div. C, 110 Stat.
3009-546 (IIRIRA), precludes jurisdiction over Mendes's claim that
the BIA erred in finding that he has not demonstrated extreme
hardship under INA  244.  Although we have jurisdiction to review
petitioner's due process challenge to the BIA's finding of
deportability, judicial review is barred because the petitioner
failed to exhaust his administrative remedies.
        Subsequent to the BIA's denial of the petitioner's Motion
to Remand, the INS revoked the petitioner's visa, a necessary
prerequisite to adjustment of status, rendering this issue moot.  
We give no further consideration to the scope of our jurisdiction
to review the BIA's denial of the Motion at this time.
                               I.
        Some background on the statutory and regulatory scheme
for alien-citizen marriage is required to understand the pertinent
facts of this case.  Section 216 of the INA sets out the procedural
requirements for acquiring lawful permanent resident status through
a bona fide marriage to a United States citizen.  After the citizen
spouse files a visa petition and a petition for adjustment of
status under INA  245(d), the alien spouse may be granted a two-
year conditional lawful permanent resident status.  See INA
216(a)(1).  To remove the conditional status, the citizen and
alien must file a joint petition (Form I-751) and appear for a
personal interview.  See INA  216(c)(1) & (d).  Within 90 days,
the INS must issue a determination as to whether the facts alleged
in the petition are true with respect to the qualifying marriage.  
See INA  216(c)(3)(A).  The burden at this stage is on the
petitioner.  If the joint petition is denied, the alien's
conditional status is terminated,  216(c)(3)(C), and the alien is
deportable under INA  241(a)(1)(D)(i).  See Matter of Lemhammad,
20 I. & N. Dec. 316, 1991 BIA LEXIS 13, at *3.  If the alien seeks
review of the District Director's decision in the deportation
proceeding, the burden of proof is placed on the INS to establish
by a preponderance of the evidence that the facts in the petition
are not true, in other words that the marriage was entered into for
the purpose of procuring his entry as an immigrant.  See
216(c)(3)(D); Matter of Lemhammad, 1991 BIA LEXIS at *11.
        For the sake of efficiency, we summarize the facts as
follows.  Petitioner Agnelo Mendes, a native and citizen of Cape
Verde, first entered the United States on July 16, 1982, as a
nonimmigrant visitor.  His first marriage to U.S. citizen Indiana
Burgo took place approximately three weeks later, on August 8,
1982, and produced a son on April 30, 1983.  Although a visa
petition was filed immediately, Burgo withdrew it, informing the
INS that she and petitioner had married for immigration purposes.  
The petitioner was placed into deportation proceedings and was
granted voluntary departure by October 25, 1983.  Burgo filed a
second visa petition, but it was denied based on the petitioner's
failure to prove that he had a bona fide marriage.  The BIA
affirmed that decision on January 31, 1986.
        On December 28, 1985, the petitioner reentered the United
States as a nonimmigrant visitor, with the alleged intention of
resolving his marriage with Burgo, but they divorced.  On
November 2, 1987, the petitioner married U.S. citizen Renee Duarte,
who filed a third visa petition on his behalf.  On December 13,
1989, Duarte and the petitioner filed a joint petition to remove
the conditional basis of his status (Form I-751), which is the
subject of the instant appeal.
        The INS subsequently terminated the joint petition based
on several inconsistencies in the information provided with the
joint petition and in the personal interview.  For example, Duarte
could not identify friends of the petitioner who submitted
affidavits on behalf of the couple; she was unfamiliar with her
husband's bank account; there were facts in dispute with respect to
the petitioner's rent and whether Duarte and his child ever resided
with him; the couple failed to provide joint tax returns and the
birth certificate for their child; and the petitioner did not
acquire family medical coverage until 1990, despite the fact that
Duarte was expecting a child and he had claimed one of his other
children as a dependent in his tax returns.  On March 29, 1993, the
District Director informed the couple,
                 [b]ecause of the absence of any convincing
        evidence showing the marriage to have been
        entered into in good faith, it is concluded
        that you have failed to sustain your burden to
        reverse a denial of the application before us
        and that your marriage was entered into for
        the sole purpose of securing an immigration
        benefit.

As a result, INS terminated the petitioner's conditional resident
status pursuant to  216(c)(3) and placed him in deportation
proceedings for the second time.  During the proceedings, the
petitioner, who had separated from Duarte in 1990, became
romantically involved with U.S. citizen Mara Fortes, who gave
birth to his child in February 1994.
        At the conclusion of the deportation hearing on
December 28, 1993, the Immigration Judge ("IJ") affirmed the denial
of the joint petition and denied the petitioner's application for
suspension of deportation.  The IJ found that the petitioner's
testimony was not credible, and that he entered his marriage with
Duarte for immigration purposes.  In reaching this conclusion, the
IJ relied on the inconsistencies in the petitioner's testimony
regarding his prior addresses and his children and the fact that
the petitioner and his spouse did not "have a lot of information
concerning each other."  The IJ ultimately found that the marriage
was apparently "entered into for the purpose of obtaining
Immigration benefit[s]," and that the petitioner "did not meet his
burden of showing that it was a bona fide marriage."
        The IJ denied the petitioner's application for suspension
of deportation but granted his request for voluntary departure.  It
is evident from the IJ's opinion that she equivocated over the
statutory requirement of good moral character, and despite her
earlier finding that the petitioner's testimony was not credible,
she reluctantly concluded that he "just barely" satisfied the good
moral character requirement.  However, he failed to demonstrate
that he or his family would suffer extreme hardship if he were
deported.  The IJ noted that he and his wife were separated and
were filing for divorce, that he had provided little if any child
support, and that he had frequently been absent from his children.  
His claims of economic distress were not extreme, and the IJ
further commented that it was "somewhat disingenuous for [the
petitioner] to claim that he would experience extreme hardship to
be separated from his United States citizen child when he has
voluntarily abandoned just about every child he has ever fathered
at one point or another."  In her final analysis, the IJ weighed
his request for relief against his "consistent violation of this
country's immigration laws," including overstaying visas, working
illegally, obtaining visitor visas with intention to remain, and
finally his marriage to Duarte to procure immigration benefits.  
Despite these findings, she granted voluntary departure, because
"he just misses falling under the definition of giving false
testimony in order to obtain a benefit under the Act."
        The petitioner filed a timely appeal of the IJ's
decision.  While it was pending, the petitioner remarried Indiana
Burgo on May 13, 1995, and a fourth visa petition was filed and
approved.  The BIA denied the petitioner's Motion to Remand for
adjustment of status and affirmed the IJ's decision.  In denying
the Motion to Remand, the BIA considered the merits of his request
for adjustment of status, and concluded that the positive factors
of the granted visa, the relationship with his new wife and
children, and strong work history, were outweighed by the adverse
factors: "a host of evidence which indicates that the respondent
has engaged in marriage fraud on two prior occasions and has
attempted to derive immigration benefits from his prior marriages."  
Likewise, in its affirmance of deportability, the BIA relied on the
IJ's findings that the petitioner was not a credible witness and on
the evidence of marriage fraud.  Finally, the BIA concurred that
the petitioner was undeserving of relief in the form of suspension
of deportation.
        On July 19, 1999, the INS terminated the petitioner's
fourth visa petition.  An appeal of that decision is currently
pending before the BIA.
                              II.
        The parties agree that his case is governed by the IIRIRA
transitional rules because Mendes was placed in deportation
proceedings on March 29, 1993, and the BIA's final order of
deportation was issued on February 9, 1999.  Therefore, this Court
has jurisdiction under INA  106(a), 8 U.S.C.  1105a, as amended
by IIRIRA, unless  309(c)(4)(E) precludes review.
        In Bernal-Vallejo, we resolved the nature of our
jurisdiction under the transitional provisions of IIRIRA.  We held
that
                  309(c)(4)(E) precludes the exercise of
        jurisdiction only where: (1) the agency
        decision as to which review is sought is a
        "decision under" one of the enumerated
        sections, and (2) the agency decision rests on
        a ground that is committed to agency
        discretion.  Conversely,  309(c)(4)(E) does
        not preclude the exercise of jurisdiction
        where the decision is not a "decision under"
        an enumerated section or where the ground on
        which the decision rests is not one committed
        to agency discretion.

Bernal-Vallejo, slip op. at 2.  Consequently, we retain
jurisdiction over constitutional challenges to the process, BIA
determinations that do not come under enumerated sections, and BIA
determinations to deny relief that rest on objective factual
criteria.  See id. at 2-3, 7-10.
        A.  Challenge to Extreme Hardship Determination
        Our opinion in Bernal-Vallejo controls.  In Mendes's
case, as in Bernal-Vallejo's, the BIA's denial of suspension of
deportation was based on a determination that he could not meet the
third eligibility requirement for relief from deportation.  The BIA
affirmed the IJ's finding that neither Mendes, nor his family,
would suffer extreme hardship if he were deported.  In Bernal-
Vallejo we concluded that we lacked jurisdiction to review the
BIA's decision, based on a failure to show extreme hardship, not to
suspend deportation.  See id. at 7, 10-11.  Under the two-pronged
analysis we established therein,  309(c)(4)(E) bars judicial
review because (1)  244, suspension of deportation, is an
enumerated section within  309(c)(4)(E), and (2) the extreme
hardship determination has been committed to agency discretion.  
See id.
        B.  Constitutional Claim
        The petitioner asserts that the IJ improperly shifted the
burden of proof in the deportation proceeding from the INS to the
petitioner in violation of his due process rights.  He points to
three alleged errors on the part of the IJ: (1) giving probative
value to the District Director's finding that the petitioner did
not meet his burden of proving he had a bona fide marriage and
misinterpreting that finding to be an affirmative finding of fraud;
(2) upholding the INS's finding of fraud, despite the fact that the
INS called no witnesses and offered no documentation, relying
instead on the petitioner's Form I-751 (joint petition), its
supporting documents, and the Notice of Intent to Terminate
Conditional Resident Status; and (3) determining that "the
respondent did not meet his burden of showing that it was a bona
fide marriage," when in fact the burden was on the INS to prove by
a preponderance of the evidence that his marriage was entered into
to procure immigration benefits.
        Section 309(c)(4)(E) does not affect our jurisdiction to
review Mendes's constitutional claim, assuming arguendo that these
facts state a colorable claim.  See id. at 13.  Nevertheless,
judicial review is unavailable on other grounds.  We concur with
the government that the petitioner has waived his due process claim
by failing to raise it at his deportation hearing, at his hearing
for suspension of deportation, or before the BIA.  See Thomas v.
INS, 976 F.2d 786, 789 (1st Cir. 1992).
        This Court has long acknowledged that the doctrine of
administrative exhaustion bars issues "raised for the first time in
a petition for review."  Bernal-Vallejo, slip. op. at 13 (citing
Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992)).  We do not
agree with the petitioner that he sufficiently raised his due
process claim before the BIA.  Petitioner's argument that the
"Immigration Judge erred in finding that the Respondent was not
entitled to the approval of his Joint Petition . . . since the
burden of proof in this proceeding is on the government to
establish by a preponderance of the evidence . . . and the
government failed to meet its burden," is clearly not in the
context of a due process challenge.
        Alternatively, the petitioner requests that we exercise
our discretion to apply the doctrine of administrative exhaustion
flexibly.  Though claims of due process may be exempt from the
requirement of exhaustion, "a petitioner cannot obtain review of
procedural errors in the administrative process that were not
raised before the agency merely by alleging that every such error
violates due process."  Ravindran, 976 F.2d at 762.  In this case,
the alleged burden shifting was the type of procedural error that
the BIA could have addressed, see id. (distinguishing between
substantive constitutional challenges to the statutes or formal
procedural rules and defects in the evidentiary ruling in his
individual hearing), and therefore we decline to rule on the
petitioner's claim.
        C.  Challenge to Finding of Deportability
        Other than his due process claim, the petitioner has come
forward with no other challenge to the BIA's finding that his
marriage was entered into to procure immigration benefits.  He has
not presented evidence that would compel a finding that the
petitioner had a bona fide marriage, or would even suggest that the
BIA's finding that the marriage was entered into for the purpose of
obtaining immigration benefits is unreasonable.  Instead, the
petitioner relies heavily on his contention that the District
Director and the IJ never made affirmative findings of marriage
fraud, and therefore the BIA, in its failure to independently
review the record, mistakenly concluded that there was a host of
evidence showing that the petitioner had violated immigration laws.  
Although deference is due to the BIA, see Meguenine v. INS, 139
F.3d 25, 27-28 (1st Cir. 1998), the petitioner claims that this is
a case where the BIA's inferences and presumptions are not
reasonably grounded in the record viewed as a whole.  See Gallius
v. INS, 147 F.3d 34, 43-44 (1st Cir. 1998).
        There is no dispute that we have jurisdiction to review
the BIA's affirmance of the IJ's decision to deny Mendes's petition
to remove conditional status.  It is not within the purview of
309(c)(4)(E).  We review findings of fact and credibility by the
BIA under a "deferential 'substantial evidence'" standard.  
Alvarez-Flores v. INS, 909 F.2d 1, 3 (1st Cir. 1990); see also INS
v. Elas-Zacaras, 502 U.S. 478, 481 (1992); Meguenine, 139 F.3d at
27-28; Khalaf v. INS, 909 F.2d 589, 591 (1st Cir. 1990); Novoa-
Umania v. INS, 896 F.2d 1, 2 (1st Cir. 1990).  The BIA's affirmance
of the IJ's findings must be "upheld if 'supported by reasonable,
substantial and probative evidence on the record considered as a
whole.'" Elas-Zacaras, 502 U.S. at 481 (citing 8 U.S.C.
1105(a)(4)).
        We find ample evidence to support the BIA's finding of
marriage fraud, including but not limited to the inconsistencies
between Mendes's testimony and the documents that he submitted in
support of his joint petition, as well as the adverse credibility
finding of the IJ.  Mendes is unable to sustain his high burden
under Elas-Zacaras of presenting evidence that is "so compelling
that no reasonable fact finder could fail" to find that he had a
bona fide marriage.  Id. at 483-84.  To the contrary, based on the
petitioner's record of lying before the IJ, filing false documents
before the INS, filing tax returns listing his child as a dependent
when all the evidence suggests otherwise, and entering into a
previous questionable marriage, we conclude that any reasonable
fact finder would determine on this record that the petitioner had
married Duarte for the purpose of procuring immigration benefits.  
See Meguenine, 139 F.3d at 28.
        If there is any error in this record, it lies in the
immigration authority's laxity in repeatedly admitting Mendes into
this country without appropriate investigation.  This lapse enabled  
this Lothario to father three U.S. citizen children, all of whom
will be deprived his support, both financial and moral, in years to
come.
        We affirm the decision of the BIA that the petitioner is
deportable.  The Petition for Review is dismissed.

</body>

</html>